UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNE HAYNES, ) | Case No. CV 10-5656 JC |
| ) Plaintiff, ) | |
| ) v. ) | MEMORANDUM OPINION AND ORDER OF REMAND |
| ) ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social ) Security, ) | |
| ) Defendant. ) | |

**I.  SUMMARY**

On August 4, 2010, plaintiff Kenne Haynes ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 11, 2010 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the Administrative Law Judge ("ALJ") erred at step five of the sequential evaluation process and this Court cannot find such error to be harmless.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 13, 2007, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 115-17). Plaintiff asserted that she became disabled on July 3, 2003, due to headaches, neck pain, dizziness, and memory loss. (AR 147). The ALJ examined the medical record and heard testimony from a medical expert, a vocational expert, and plaintiff (who was represented by counsel) on April 22, 2009. (AR 16-31).

On September 25, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 9-15). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: depressive disorder not otherwise specified ("NOS") and other reaction to physical symptoms (AR 11); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 11); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations (AR 12);[1] (4) plaintiff could not perform her past relevant work (AR 13); and (5) there are numerous jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1-5).

///

///

---

[1] The ALJ determined that plaintiff had the following nonexertional limitations: "mentally limited to moderate complex tasks (with 4-5 step instructions); no rapid-paced work; no work involving safety operations; and no exposure to hazardous machinery." (AR 12).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in

significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).  If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.[2]  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).

When a claimant suffers only exertional (strength-related) limitations, the ALJ must consult the Grids.  Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir.), as amended (2006).  When a claimant suffers only non-exertional limitations, the Grids are inappropriate and the ALJ must rely on other evidence.  Id.  When a claimant suffers from both exertional and nonexertional limitations,

---

[2] Whether there are a "significant" number of jobs a claimant is able to perform with her limitations is a question of fact to be determined by a judicial officer.  Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).  See also Barker v. Secretary of Health & Human Services, 882 F.2d 1474, 1478 (9th Cir.), as amended (1989) (noting that Ninth Circuit has never established the minimum number of jobs necessary to constitute a "significant number").

the ALJ must first determine whether the Grids mandate a finding of disability with respect to exertional limitations. See Lounsburry, 468 F.3d at 1116; Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). If so, the claimant must be awarded benefits. Cooper, 880 F.2d at 1155. If not, and if the claimant suffers from significant and sufficiently severe non-exertional limitations, not accounted for in the Grids, the ALJ must take the testimony of a vocational expert.[3] Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the Dictionary of Occupational Titles ("DOT") "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a

---

[3]An ALJ is required to seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to the make the Grids inapplicable to the particular case. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). The severity of limitations at step five that would require use of a vocational expert must be greater than the severity of impairments determined at step two. Id.

vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p).[4] In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

---

[4]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi, 486 F.3d at 1152 n.6.

6

953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. A Remand Is Appropriate Because the ALJ Erred at Step Five and the Court Cannot Find Such Error to Be Harmless

Plaintiff contends that the ALJ's step five determination is erroneous because the ALJ did not identify, and there is no substantial evidence in the record to support, that plaintiff could perform any specific jobs which exist in significant numbers in the national economy. Defendant responds that any error was harmless because the Grids dictate a finding that plaintiff could perform such jobs. As discussed below, the Court finds that a remand is appropriate because the ALJ erred at step five and this Court cannot find such error to be harmless.

The vocational expert testified very briefly at the administrative hearing. (AR 29). In response to an inquiry by the ALJ regarding whether there were "any jobs available" for a hypothetical individual with plaintiff's characteristics and residual functional capacity, the vocational expert responded: "Your Honor, there would be numerous light jobs as well as sedentary and medium as long [sic] they're unskilled or within that – or not a factory type work." (AR 29).

First, the ALJ erred in relying upon the foregoing testimony to conclude that plaintiff "would be able to perform numerous other light and unskilled jobs in significant numbers in the regional and national economies." (AR 14). As noted above, the vocational expert testified only that there were "numerous" jobs – not that there were numerous such jobs that existed in significant numbers in the regional and national economies. Accordingly, such conclusion by the ALJ, to the extent predicated upon the vocational expert's testimony, is not supported by substantial evidence.

///

Second, although the parties have not cited authorities directly so stating, where, as here, an ALJ is relying on the testimony of a vocational expert (as opposed to the Grids) in concluding that a claimant can perform other work, the failure of the vocational expert and the ALJ to identify specific jobs, effectively deprives the Court of the ability to review the ALJ's determination. Indeed, although the ALJ concludes that the vocational expert's testimony is consistent with the DOT (AR 14), the vocational expert did not so indicate, and absent some identification of the "other jobs" in issue, the Court has no basis upon which to assess the ALJ's conclusion in this regard.

Finally, on this record, the Court cannot find the ALJ's step five error harmless. Although defendant argues that the ALJ was not required to use a vocational expert in this case because plaintiff's non-exertional limitations were not at a sufficient level of severity such as to the make the Grids inapplicable (Defendant's Motion at 7), the ALJ did not so find. This court may not rely on a rationale not cited by the ALJ in support of his determination. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Barbato v. Commissioner of Social Security Administration, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision . . .").

///
///
///
///
///
///
///
///

V.     **CONCLUSION**[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   January 30, 2011

```
                            /s/
            Honorable Jacqueline Chooljian
            UNITED STATES MAGISTRATE JUDGE
```

---

[5] The court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)[.][; see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).]